UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



JAMES T. FAISON, #1041729,

      Petitioner,

v.

                          ACTION NO. 2:10cv557

GEORGE M. HINKLE, Warden,
Greensville Correctional Center,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner, James T. Faison ("Faison"), was convicted in the Circuit Court of the City of Portsmouth of one (1) count of

conspiracy to commit robbery, one (1) count of robbery, and one (1) count of use of a firearm. Faison was sentenced to serve five (5) years, suspended, on the conspiracy conviction, and to active sentences of nine (9) years in prison on the robbery conviction and three (3) years in prison on the use of a firearm conviction. These sentences were to be served consecutively, for a total sentence of twelve (12) years in prison. The final order for his convictions was entered on November 21, 2005.

Faison filed an appeal with the Court of Appeals of Virginia, which was denied on the merits in an order dated September 27, 2006. Faison then filed a petition for appeal with the Supreme Court of Virginia on October 12, 2006. This appeal was defaulted for failure to timely file. On March 6, 2007, the Supreme Court of Virginia entered an order granting a delayed appeal.

On August 23, 2007, Faison filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia alleging abuse of discretion by the trial court for failure to grant a continuance based on the absence of a material, subpoenaed witness, insufficient evidence of guilt for all offenses, and several instances of ineffective assistance of counsel by the trial attorney, particularly for the trial attorney's failure to file an appeal to the Supreme Court of Virginia, despite the

court's grant of a delayed appeal. On October 12, 2007, Faison submitted additional information under the heading of a "Notice" to the Supreme Court of Virginia alleging error and abuse of discretion by the trial court for its failure to grant a continuance due to a missing witness and ineffective assistance of counsel based on the trial attorney's failure to locate the witness at trial. The respondent filed an Answer and Motion to Dismiss in the Supreme Court of Virginia on October 10, 2007. The Supreme Court of Virginia granted Faison's habeas petition with regard to the denial of his right to appeal and additionally granted Faison a second belated appeal on February 29, 2008. The court dismissed Faison's remaining claims without prejudice to his right to file a subsequent petition "limited to the ground or grounds assigned in the present petition." Order, Record No. 071756 (Va. Sup. Ct. Feb. 29, 2008).

Faison filed his belated direct appeal of the criminal convictions in the Supreme Court of Virginia on September 10, 2008, alleging trial court error due to the denial of Faison's motion to continue based on a missing material witness and insufficient evidence to convict. On February 23, 2009, the court refused the appeal. A petition for rehearing was summarily denied on April 24, 2009.

3

Faison filed a second habeas corpus petition in the Supreme Court of Virginia on January 25, 2010, alleging prosecutorial misconduct, challenging the jurisdiction of the trial court to prosecute the conspiracy indictment and certain counts of the robbery indictment, denial of a fair and impartial trial, and ineffective assistance of counsel. The Supreme Court of Virginia denied and dismissed the petition on August 11, 2010, finding that Faison's claims of prosecutorial misconduct and the majority of his claims of denial of fair and impartial trial and ineffective assistance of counsel were barred by the Virginia successive filing statute. Va. Code Ann. § 8.01-654(B)(2)(2005). The Virginia Supreme Court also found the remainder of the claim of abuse of discretion by the trial court for failure to grant the continuance barred because the issue had been raised and decided in the trial court and on direct appeal. The balance of the claim of ineffective assistance of counsel was held insufficient to satisfy <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), because counsel had subpoenaed the witness, looked for her throughout the courthouse, and had sought a continuance, which the court denied. <u>See</u> Order, Record No. 100182 (Va. Sup. Ct. Aug. 11, 2010).

On November 1, 2010, while in the custody of the Virginia Department of Corrections at the Greensville Correctional Center,

Faison mailed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court conditionally filed this petition on November 10, 2010. Id. On December 22, 2010, the Court ordered that Faison's petition be filed. (ECF No. 8.) On January 20, 2011, Respondent filed his Rule 5 Answer and Motion to Dismiss accompanied by a supporting memorandum and a Roseboro Notice. (ECF Nos. 9-12.) Faison's response to the motion to dismiss was filed on February 11, 2011. (ECF No. 14.)

## B. **Grounds Alleged**

Faison asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) The trial court abused its discretion by denying Faison's motion for a continuance based on the absence of Cynthia Hicks, a material, subpoenaed witness. (Raised on appeal of conviction.)

(2) The trial court committed structural error by denying Faison's motion for a continuance. (Raised on appeal of conviction.)

(3) The evidence was insufficient to support the trial court's finding of guilt on any of the charges. (Raised on appeal of conviction.)

(4) Indictment No. 05-1074 and counts 1 and 2 of Indictment No. 05-1844 were secured based on the prosecutor's knowing presentation of perjured testimony to the grand jury, rendering them void and depriving the trial court of jurisdiction to hear or rule on them. (Raised only in the second state habeas corpus petition.)

(5) The trial court abused its discretion by denying Faison the right to a fair and impartial trial. (Raised only in the second state habeas corpus petition.)

(6) The prosecutor committed misconduct, malicious use of process, and obstruction of justice by presenting perjured testimony, failing to pursue exonerating evidence, and prosecuting Faison for reasons of personal bias. (Raised only in the second state habeas corpus petition.)

(7) Ineffective assistance of counsel, based on counsel's failure to argue that Faison was denied a fair trial. (Raised only in the second state habeas petition.)[1]

(8) Ineffective assistance of counsel, based on counsel's failure to put on character witnesses at trial. (Raised only in the second state habeas corpus petition.)

(9) Ineffective assistance of counsel, based on counsel's failure to notify the trial court and appellate courts that just prior to the crime, co-defendant William Riddick had an altercation with Faison's son, indicating that Faison had no motive to conspire with Riddick to commit the crime.

---

[1] Respondent has asserted that Faison did not allege Claim 7 in either of his state habeas petitions. (ECF No. 12 at 14.) Faison has argued that he did in fact raise this claim in his second state habeas petition by stating "Counsel did not NOTIFY the Court of the Procedural Due Process, and it's [sic] safeguards that protects the petitioner against violations that would deny him of his U.S.C.A., right to a Fair and Impartial Trial." Pet. for Writ of Habeas Corpus, Faison v. Warden, No. 100182 at 22 (Va. Sup. Ct. Jan. 25, 2010). Whether this statement constitutes fair presentment to the Virginia Supreme Court is irrelevant, however, because Faison did not include such a claim in his first habeas petition and the claim is therefore procedurally defaulted under the analysis discussed below. For the purposes of this petition, this Court will assume, without deciding, that Claim 7 was presented in Faison's second state habeas petition.

(Raised only in the first state habeas corpus petition.)

(10) Ineffective assistance of counsel, based on counsel's failure to conduct a proper pre-trial investigation. (Raised only in the second state habeas corpus petition.)

(11) Ineffective assistance of counsel, based on counsel's failure to challenge Indictment No. 05-1074 or counts 1 or 2 of Indictment No. 05-1844. (Raised only in the first state habeas petition.)

(12) Ineffective assistance of counsel, based on counsel's failure to properly subpoena Hicks, follow up on the subpoena, and preserve error in regard to the non-appearance of Hicks as a witness. (Raised in both the first and second state habeas petitions.)[2]

(13) Ineffective assistance of counsel, based on counsel's failure to cross-examine Riddick to prove witness tampering and obstruction of justice. (Raised only in the second state habeas petition.)

(14) Ineffective assistance of counsel, based on counsel's failure to specifically state that the government had not put forth a prima facie showing on any of the charges. (Raised only in the second state habeas petition.)

(15) Ineffective assistance of counsel, based on counsel's failure to show that the victims Cobb

---

[2] This claim was adjudicated on the merits by the Virginia Supreme Court. Although Faison may not have used precise language in making this claim in the present petition, the Court finds that by construing his petition liberally, see Cruz v. Beto, 405 U.S. 319 (1972), Faison did state this claim for relief in his federal petition. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)(finding that where the context of a claim makes the petitioner's essential grievance known, extraneous argument should not deter the court from considering the petitioner's true concern).

and Williams maliciously initiated the charges against him by false testimony. (Raised only in the second state habeas petition.)

(16) Ineffective assistance of counsel, based on counsel's failure to perfect his appeal to the Virginia Supreme Court. (Raised only in the first state habeas petition.)

(17) The Supreme Court of Virginia erred by failing to expand the record or hold an evidentiary hearing on Faison's state habeas claims.

## II. REQUEST FOR AN EVIDENTIARY HEARING

Prior to addressing the merits of Faison's habeas petition, the Court considers Faison's request for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). (ECF No. 1 attach. 2, at 54.) Faison requests an evidentiary hearing on each of the claims put forth in his petition. Id. The Court "may grant an evidentiary hearing in a § 2254 case only where the petitioner has 'allege[d] additional facts that, if true, would entitle him to relief' and has 'establish[ed] one of the six factors set forth in Townsend v. Sain, 372 U.S. 293 (1963).'" Robinson v. Polk, 438 F.3d 350, 368 (4th Cir. 2006) (quoting Fullwood v. Lee, 290 F.3d 663, 681 (4th Cir. 2002)). In contrast, "[a] 2254 petitioner may not receive an evidentiary hearing in the district court if he 'failed to develop the factual basis of a claim in state court' unless he shows the existence of several statutory factors." Robinson, 438 F.3d at 367 & n.19 (citing Fullwood, 290 F.3d at

8

681). The petitioner must demonstrate that "the claim relies on . . . a new rule of constitutional law made retroactive to cases on collateral review, or . . . facts that previously could not have been discovered, and . . . the facts establish a 'convincing claim of innocence.'" Id. at 367 (quoting Williams v. Taylor, 529 U.S. 420, 435 (2000)).

Faison does not allege additional facts that are not in the record to support his claims, and likewise fails to demonstrate that his claims rely on newly created law or newly discovered facts. (See ECF No. 1 attach 2.) The statement of facts Faison provided in his federal habeas petition alleges the same facts contained in his state habeas petitions and the testimony recorded in the transcript of his trial. The state courts considered each of these allegations regarding trial court error, prosecutorial misconduct, and ineffective assistance of counsel and nonetheless denied Faison relief based on the same facts that Faison presents to this Court. Faison also does not identify any facts that previously could not have been discovered. Id. Accordingly, the request for an evidentiary hearing is DENIED.

### III. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court FINDS that Claim 17 does not state a claim for which relief is available by habeas petition. The Court further FINDS that all of Faison's cognizable claims are exhausted, but

that Claims 4-11 and 13-16 are procedurally defaulted and should be DISMISSED WITH PREJUDICE. Upon review of the merits, the Court RECOMMENDS that the remaining claims, Claims 1-3 and 12, be DENIED and DISMISSED WITH PREJUDICE.

Prior to addressing exhaustion and procedural default, it is appropriate to dispense with those claims that do not provide a cognizable basis for habeas relief. "A state prisoner has no federal constitutional right to post-conviction proceedings in state court." See Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008), cert. denied, 129 S.Ct. 162 (2008). "Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." Id. (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)). Therefore, Claim 17, which seeks federal habeas relief based on the Supreme Court of Virginia's failure to hold an evidentiary hearing on Faison's state habeas petition, should be DISMISSED WITH PREJUIDICE.

## A. Exhaustion

In order for the Court to address the merits of a claim stated in Faison's petition, the claim must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when

10

the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In this case, therefore, the exhaustion requirement for a claim is satisfied if Faison advanced that claim to the Supreme Court of Virginia, either on appeal of his conviction or in his state habeas petition.

When Faison appealed his conviction, he challenged the trial court's refusal of a continuance as both abuse of discretion and structural error and the sufficiency of the evidence supporting each of the convictions. Order Den. Pet'r's Appeal, Record No. 081780 (Sup. Ct. Va. Feb. 23, 2009). These claims were raised on appeal to the Virginia Supreme Court and are identical to Claims 1-3 of the instant petition. Thus, for Claims 1-3, the exhaustion requirement is met.

The exhaustion requirement may also be met for claims in the instant petition that were fairly advanced to the Virginia Supreme Court on habeas appeal. In this case, Faison filed two

habeas petitions with the Virginia Supreme Court. The first petition was granted only on the issue of Faison's belated appeal and all other claims were dismissed without prejudice to Faison's right to resubmit those claims in a subsequent petition. Therefore, the claims presented only in the first petition were not fairly presented to the Virginia Supreme Court because the court did not make any determination as to their merit. Further, claims presented only in the second petition were not fairly presented because those claims were dismissed as successive and barred from review by the Virginia Supreme Court. Therefore, only claims which were raised in both the first and second habeas petitions filed with the Virginia Supreme Court have been fairly presented to that court and are eligible for review by this Court on the merits.[3]

When Faison filed his second habeas petition to the Supreme Court of Virginia, he advanced claims identical to Claims 4-8, 10, and 12-15 of the instant petition. However, Claims 4-8, 10, and 13-15 were not presented in Faison's first habeas petition to the Virginia Supreme Court. For that reason, the Virginia Supreme Court dismissed those claims as successive and did not reach the

---

[3] The only claim presented to the Virginia Supreme Court in both state habeas corpus petitions was Claim 12; it was thus the only claim adjudicated by that court on the merits. See Order, Record No. 100184 (Va. Sup. Ct. Aug. 11, 2010). The Court finds that Claim 12 has been properly exhausted.

merits of those claims. As a result, the exhaustion requirement for Claims 4-8, 10, and 13-15 is technically met but those claims are simultaneously procedurally defaulted as discussed more thoroughly below.[4]

Faison asserted claims identical to Claims 9, 11-12, and 16 in his first habeas petition, which was dismissed by the Virginia Supreme Court without prejudice to the claims it contained. However, Faison failed to allege Claims 9, 11, and 16 in his second habeas petition. Because Faison did not argue these claims in his second appeal, they were never properly presented to the highest state court. Order, Record No. 100182 (Va. Sup. Ct. Aug. 11, 2010). Further, "the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the

---

[4] The Court notes that, although Faison exhausted his state remedies with regard to one of his claims of ineffective assistance of counsel, namely Claim 12, this claim cannot exhaust the remainder of his claims of ineffective assistance of counsel. Order, Record No. 100182 (Va. Sup. Ct. Aug. 11, 2010). A petitioner fails to exhaust an ineffective assistance of counsel claim when he alleges a different basis from that which was raised in state court. See Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999) (finding ineffective assistance claim was not exhausted when basis of federal petition claim was not presented to the state court); Lambert v. Blackwell, 134 F.3d 506, 517 (3d Cir. 1998) (same); Lanigan v. Maloney, 853 F.2d 40, 45 (1st Cir. 1988) (same). Thus, while a claim of ineffective assistance of counsel has been fairly presented to the Virginia Supreme Court by Faison, it cannot serve to exhaust his state remedies as to the many distinct claims of ineffective assistance of counsel brought in the instant petition.

claim was later presented to the state court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotations omitted), cert. denied, 522 U.S. 833 (1997). The state procedural bar which "gives rise to exhaustion," constitutes an adequate and independent state law ground for default in this Court. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)). See Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). Here, Faison is barred from asserting any claim of which he had knowledge at the time of filing a previous petition. Va. Code Ann. § 8.01-654(B)(2)(2005). Therefore, Claims 9, 11, and 16 will be considered technically exhausted for the purposes of this petition.

## B. Procedural Default

Although all of Faison's claims are technically exhausted, Claims 4-11 and 13-16 are also procedurally defaulted and barred from this Court's review. As noted above, if Faison were now to raise Claims 9, 11, and 16 in the Virginia Supreme Court, they would be barred as successive filings. Va. Code Ann. § 8.01-654(B)(2)(2005). These claims were filed in Faison's first state habeas petition, but were not included in his second state habeas petition. See Order, Record No. 100184 (Va. Sup. Ct. Aug. 11, 2010). Because the first state habeas petition was dismissed, the claims were not properly brought before the Virginia Supreme

Court and are thus procedurally defaulted and barred from this Court's review. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted[, and simultaneously procedurally defaulted,] if it is clear that the claim would be procedurally barred under state law if the petitioner [now] attempted to present it to the state court."). Additionally, although the Virginia Supreme Court did not specifically address Claims 7 or 8 when it dismissed Faison's second petition, these claim were brought only in the second state habeas petition and would therefore be barred by state procedural rules. Va. Code Ann. § 8.01-654(B)(2)(2005).

Further, if any of Faison's claims were presented to the highest state court, but were not addressed on the merits by that court because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the doctrine of procedural default prevents federal habeas review of the merits. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state court's finding of procedural default that rests upon a determination of state law is not reviewable even if the state court clearly misapplied state law. See Gilbert v. Moore, 134 F.3d 642, 657 n.14 (4th Cir. 1998).

The Virginia Supreme Court reviewed and rejected Claims 4-6, 10, and 13-15 on the grounds that these claims could have been raised in Faison's first habeas petition, and therefore under Va. Code Ann. § 8.01-654(B)(2)(2005) and Dorsey v. Angelone, 261 Va. 601, 604, 544 S.E. 2d 350, 352 (2001), these claims were procedurally defaulted. See Order, Record No. 100182 (Va. Sup. Ct. Aug. 11, 2010). The Fourth Circuit has recognized the Virginia successive filing statute to be an independent and adequate state procedural rule barring federal habeas review of the dismissed claims. Bassette, 915 F.2d at 937. Therefore, Claims 4-6, 10, and 13-15 are procedurally defaulted under Virginia law and are thus barred from this Court's review. Id. at 936-37.

Based on the foregoing, the Court FINDS that Faison's claims are exhausted, but the Court further FINDS that Claims 4-11 and 13-16 are procedurally defaulted under Virginia law, and are therefore barred from this Court's review.

## C. Limited Exceptions to Procedural Default

Although several of Faison's claims are procedurally defaulted, he may still obtain review of those claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental

miscarriage of justice because he is actually innocent of the crimes for which he was convicted. Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000) (citing Coleman, 501 U.S. at 750); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

In his opposition to Respondent's Motion to Dismiss, Faison argues that the claims he first presented in his second state habeas petition[5] were unknown to him when he filed his first habeas petition in state court, since his ineffective counsel did

_____

[5] Claims 4-8, 10, and 13-15.

not inform him of these claims. (ECF No. 14 at 6-7.) Faison has failed to establish that the legal and factual bases for Claims 4-8, 10, and 13-15 were not known to him at the time he filed his first state habeas petition. McClesky, 499 U.S. at 497-98. Faison alleged numerous instances of error in his first state habeas petition with supporting case law and has failed to show that the legal or factual basis of his additional claims was not reasonably discoverable. Id. (stating that the "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition. If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant.").

Faison also cannot claim that counsel's ineffectiveness caused the procedural default of Claims 4-8, 10, and 13-15. Because there is no constitutional right to assistance of counsel in a habeas proceeding, Faison can only claim ineffective counsel as an excuse for his procedural default for claims which could have been raised on direct appeal. Claims 7-8, 10, and 13-15 themselves allege ineffective assistance of counsel and are therefore not cognizable on direct appeal. See Hall v. Commonwealth, 515 S.E.2d 343, 347 (Va. Ct. App. 1999) (stating

that "[c]laims of ineffective assistance of counsel may not be raised on direct appeal."). Faison cannot use counsel's failure to inform Faison of claims that could only be presented in a collateral proceeding as "cause" for his failure to fairly present such claims. Coleman v. Thompson, 501 U.S. 722, 753-54 (1991).

As to Claims 4-6, alleging trial court error and prosecutorial misconduct, Faison must show that constitutionally ineffective assistance of counsel caused the procedural default itself. Specifically, because the default must have occurred during a period in which Faison was constitutionally entitled to representation, Faison must demonstrate that counsel should have raised the claims on direct appeal. Id. Additionally, the claim of ineffective assistance of counsel for failure to bring these claims on direct appeal must itself be exhausted. Murray, 477 U.S. at 479. Thus, to invoke ineffective assistance of counsel as the "cause" of his procedural default, Faison's claim of ineffective assistance of counsel for failure to raise Claims 4-6 on direct appeal must be exhausted and not procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446, 452-54, 120 S. Ct. 1587, 1591-92 (2000). Faison did not fairly present a claim of ineffective assistance of counsel for failure to raise additional claims on direct appeal. Order, Record No. 100182 (Va. Sup. Ct.

19

Aug. 11, 2010). Further, if Faison now returned to state court to bring a new habeas petition alleging this claim, the petition would be barred by Virginia Code § 8.01-654(B)(2), which prohibits a successive petition alleging facts "which petitioner had knowledge at the time of filing any previous petition." Thus, Faison's claim of ineffective assistance of counsel for counsel's failure to raise additional claims on direct appeal is technically exhausted, but also procedurally defaulted and barred from this Court's review. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).

Because Faison never presented the Virginia Supreme Court with a claim that his counsel was ineffective for failing to bring additional claims on direct appeal and has not demonstrated cause and prejudice to excuse this failure,[6] this claim remains procedurally defaulted and cannot serve as "cause" for his procedural default of Claims 4-6. Accordingly, Claims 4-8, 10, and 13-15 remain procedurally defaulted.

As to the claims Faison failed to make to the Virginia Supreme Court in his second habeas petition, Faison alleged Claims 9, 11, and 16 in his first state habeas petition, suggesting that Faison was aware of and could have presented

---

[6] It is the petitioner's burden to raise these issues. See Wright, 151 F.3d at 160.

20

those claims to the Virginia Supreme Court in his second petition. Therefore, Faison cannot prove cause and prejudice and, accordingly, Claims 9, 11, and 16 of Faison's federal habeas petition remain procedurally defaulted.

Additionally, Faison argues that his claims should not be defaulted because he is a layman, unfamiliar with the legal system. However, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("Youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default."), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (stating that ignorance or inadvertence do not constitute cause to excuse a procedural default); US v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Consequently, Faison has failed to establish the requisite cause and prejudice for his failure to comply with the applicable state procedural rules in order for this Court to review the instant claims on the merits.

Faison further argues that he should be allowed to present the instant claims to prevent a miscarriage of justice. (ECF No. 14 at 6.) Faison states that he is innocent of the robbery, firearm, and conspiracy charges. To support his claim of

21

innocence, Faison argues that information obtained from the co-defendant, Riddick, was unreliable, that the victim, Cobb, had been threatened by Riddick, and that the absent witness, Hicks, was unable to present her alibi testimony.

A claim of actual innocence may excuse procedural default if the petitioner "show[s] that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Carrier, 477 U.S. at 496). The claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 324, 327. For example, actual innocence may be demonstrated by the credible confession of another person, Sawyer v. Whitley, 505 U.S. 333, 340 (1992), "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," Schlup, 513 U.S. at 324. In the instant case, the arguments Faison has presented as evidence of his actual innocence were all presented at trial and, thus, are not new evidence. The only new evidence Faison presents is the affidavit of Cynthia Hicks, which states, "[i]f I had the opportunity to testify it would have proved Mr. Faison's where about [sic]; showing that Mr. Riddick [sic] statement was indeed false. Further this affidavit saith

not." (ECF. No. 1 at 34.) This conclusory statement is not sufficient to prove that no reasonable juror could have found Faison guilty if he were aware of the new evidence.[7] Based on the foregoing, Faison has failed to prove a miscarriage of justice and his claims remain procedurally defaulted.

Faison has thus failed to present evidence of cause and prejudice or miscarriage of justice. Accordingly, the Court FINDS that Faison has not established that he is entitled to review of Claims 4-11 and 13-16 and they remain procedurally defaulted.

## D. **Merits**

The Court now considers Claims 1-3 and 12 on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254(d). This statute requires "'deference to the determinations of state

---

[7] As the Court discusses more thoroughly below, Faison's whereabouts at the time of the robbery was not in substantial dispute at trial as Faison testified that he observed the robbery take place.

23

courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 389. In deference to the state court's decision, this Court may not grant relief unless it determines that the decision on the merits was "legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

## 1. Trial Court Error

## a. Claim ONE – Trial Court Committed an Abuse of Discretion by Failing to Order a Continuance

Faison argues he was denied his right to due process by the trial court when it refused to order a continuance because of the absence of Cynthia Hicks, a material, subpoenaed witness. Under state law, motions for a continuance are left to the sound discretion of the trial court. Haugen v. Shenandoah Dept. of Soc. Serv's, 645 S.E.2d 261, 265 (Sup. Ct. Va. 2007). A defendant has no constitutional right to set the time at which he is willing to proceed to trial. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct.

24

841, 850, 11 L.Ed.2d 921, 931 (1964). The denial of a motion for continuance exceeds the discretion of the trial court only where it is based upon an "unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay." Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610, 620 (1983). The defendant must show prejudice from the denial of a continuance to gain relief. United States v. Myers, 66 F.3d 1364, 1370 (4th Cir. 1995).

On direct appeal, Faison argued that the denial of the continuance was an abuse of the trial court's discretion under state procedure. This Court looks to the last reasoned state court decision, in this instance, the ruling of the Virginia Court of Appeals. See Ylst v. Nunnemaker, 501 U.S. 797, 805-06 (1991); Bush v. Legursky, 966 F.2d 897 (4th Cir. 1992). The Supreme Court of Virginia's subsequent denial of Faison's petition for appeal in that court was a decision on the merits. Saunders v. Reynolds, 214 Va. 697, 702, 204 S.E.2d 421, 423 (1974). The Virginia Court of Appeals found that:

> Appellant's trial was originally set for September 22, 2005. On that day, appellant had requested and was granted a continuance because the attorney for one of the defense witnesses was not present. Appellant's trial was rescheduled for November 21, 2005. However, on that day appellant again requested a continuance because one of his witnesses, Cynthia Hicks, was not present.

> Appellant had received posted service on
> Hicks on September 29, 2005. Appellant
> represented that Hicks was a material witness
> but did not represent whether Hicks would be
> present at a future date. The trial court did
> not abuse its discretion by denying
> appellant's second motion for a continuance.

Faison v. Commonwealth, Record No. 0705-06-1 (Va. Ct. App. Sep. 27, 2006)(per curiam).

Because the state court adjudicated this claim on the merits, this Court must apply 28 U.S.C. § 2254(d)'s deferential standard of review in our assessment of Faison's claim. That is, review is limited to deciding whether the state court's adjudication was "contrary to" or an "unreasonable application of" clearly established federal law. 28 U.S.C.A. § 2254(d)(1). The trial court denied the motion for continuance after determining that the trial had already been continued once before and noting that service had been posted on Hicks. Tr. 3-4 Nov. 21, 2005. Faison argues that the trial court's denial of a continuance prevented him from introducing alibi testimony that may have resulted in his acquittal.

During the trial, the victim of the robbery, Williams, testified that he saw Hicks with Faison observing the robbery from across the street. Id. at 19. Cobbs, Faison's cousin and the owner of the house where the robbery occurred, testified that he did not see Faison during the robbery. Id. at 70. The co-

defendant, Riddick, testified that Faison was across the street alone during the robbery. Id. at 41. Faison has testified that he was with Hicks during the time between leaving Cobb's house and observing the robbery from across the street, and so could not have had time to conspire with Riddick to commit the robbery. Id. at 78. Faison has submitted an affidavit executed by Hicks stating that "[i]f I had the opportunity to testify it would have proved Mr. Faison's where about [sic]; showing that Mr. Riddick statement was indeed false. Further this affidavit saith not." (ECF. No. 1 at 34.) The affidavit also states that Hicks was incarcerated at the time of Faison's trial. Id.

Although decisions on whether to grant a continuance are within the sound discretion of the trial court, the Fourth Circuit has provided guidance as to factors that may indicate that the denial of a continuance is a violation of due process. Shirley v. State of North Carolina, 528 F.2d 819 (4th Cir. 1975). In Shirley, despite excessive delays by the prosecution, written requests for a continuance stating that the witness was indispensible to the defense, and the concurrence of the prosecutor in requesting the continuance, the trial judge denied a continuance for apparent expediency concerns. Id. at 821. In finding that the trial court had abused its discretion, the Fourth Circuit emphasized the content of testimony actually given

27

by the missing witness in the habeas proceeding. Id. at 822-23. The missing witness testified that he saw someone other than the defendant in possession of the drugs for which petitioner had been convicted, and that he knew as a fact that any drugs in the petitioner's home, at the time of the alleged wrongdoing, had not belonged to the petitioner. Id. Also, the missing witness swore that if he had been at the petitioner's trial, he would have so testified. Id. at 823.

In the instant case, many factors distinguish Faison from the petitioner in Shirley, including the absence of any delay by the prosecutor and the prosecutor's objection to the continuance. Further, while the absent witness in Shirley testified with specificity that he was absolutely certain of that petitioner's innocence, Hick's affidavit merely states that she can confirm Faison's whereabouts. (ECF No. 1 attach. 1, at 19.) Faison's whereabouts were not in serious controversy in this case, as Faison himself testified that he witnessed the robbery from across the street. Tr. 41 Nov. 21, 2005. Additionally, several witnesses testified that Hicks was, indeed, present with Faison when the robbery occurred. Id. at 19, 41. Moreover, Hicks did not allege in her affidavit that Faison had not spoken to Riddick or that she was certain that Faison and Riddick had not conspired to rob Williams. Hicks also does not attest in her affidavit

28

anything to suggest that her testimony at trial would have demonstrated that Faison was not involved in the robbery. Under these circumstances, the denial of a continuance is not so fundamentally unfair as to implicate the due process clause of the Fourteenth Amendment. See Shirley, 528 F.2d 819. Moreover, given the prosecution's opposition to the continuance and the fact that one continuance had already been granted, the trial court's refusal to grant the continuance was not unreasonable or arbitrary. For these reasons, the Court RECOMMENDS that Claim 1 be DENIED and DISMISSED WITH PREJUDICE.

## b. Claim TWO - Trial Court Committed Structural Error by Failing to Order a Continuance

Faison argues that the denial of a continuance prevented him from putting forth a crucial witness, resulting in structural error and the deprivation of his Sixth Amendment right to call witnesses in his favor. Faison alleges that the deprivation of an alibi witness in light of pervasive witness tampering and the uncorroborated testimony of a co-defendant infected the trial with fundamental unfairness amounting to structural error. The Fourth Circuit has defined structural error as those defects:

> so severe as to render a trial inherently
> unfair . . . There is always the risk that a
> sometimes-harmless error will be classified
> as structural, thus resulting in the reversal
> of criminal convictions obtained pursuant to

> a fair trial. Given this risk, judges should
> be wary of prescribing new errors requiring
> automatic reversal. Indeed, before a court
> adds a new error to the list of structural
> errors (and thereby requires the reversal of
> every criminal conviction in which the error
> occurs), the court must be certain that the
> error's presence would render every such
> trial unfair.

Sherman v. Smith, 89 F.3d 1134, 1138 (4th Cir. 1996). In the instant case, it cannot be said that every trial involving the denial of a request for a continuance on account of a missing witness is automatically rendered fundamentally unfair and requires reversal. The Fourth Circuit has specifically declined to find that violations of the Sixth Amendment automatically qualify as structural errors. Id. at 1139. Faison has thus failed to demonstrate that the trial court's denial of a continuance was structural error. For these reasons, the Court RECOMMENDS that Claim 2 be DENIED and DISMISSED WITH PREJUDICE.

## c. Claim THREE - Trial Court Erred in Convicting Faison Because All Convictions Were Supported By Insufficient Evidence

In Claim 3, Faison argues that the trial court erred because the evidence was insufficient to support a conviction of robbery, conspiracy to commit robbery, or use of a firearm. "Though claims of insufficient evidence are cognizable on federal habeas review, a federal [habeas] court's review of such claims is 'sharply limited.'" Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998)

(quoting Wright v. West, 505 U.S. 277, 296 (1992)) (other citations omitted)). A federal court's review of such claims "is not meant to consider anew the [fact finder's] guilt determination or to replace the state's system of direct appellate review." Id. at 405-06 (citing Wright, 505 U.S. at 292). As such, a petitioner is entitled to relief on such a claim "only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id. at 406 (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979) (other citations omitted)).

In the instant case, a rational trier of fact could have found Faison guilty of robbery, conspiracy to commit robbery, and possession of a firearm beyond a reasonable doubt. Multiple witnesses testified that Faison announced that he would "bring out bullets" or "deal with bullets" just before leaving Cobbs' house. Tr. 16, 75, 77 Nov. 21, 2005. The prosecution presented additional evidence that, immediately after leaving Cobbs' house, Faison approached Riddick with a plan to rob Williams, determined that Riddick possessed a gun for use in the robbery, solicited Riddick to commit the robbery, and offered to split the proceeds of the robbery with Riddick. Id. at 35-42. Faison then watched from across the street as Riddick robbed Williams at gunpoint only minutes after Faison had left Cobbs' house. Id. at 19, 25, 76, 81. From the evidence presented by the prosecution, a

rational trier of fact could have found that Faison planned the robbery, instructed Riddick to rob Williams with a firearm, and was present and complicit when the robbery occurred. Based on the evidence presented, the trier of fact could have concluded beyond a reasonable doubt that Faison conspired with Riddick to perform the robbery and was a principal in the second degree to the robbery and the use of a firearm.[8] Because the record is not devoid of evidentiary support for the convictions, Faison's convictions do not violate his due process rights, and therefore,

---

[8] Virginia law defines robbery as "'the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation.'" Pritchard v. Commonwealth, 303 S.E.2d 911, 912 (Sup. Ct. Va. 1983) (quoting Mason v. Commonwealth, 105 S.E.2d 149, 150 (Sup. Ct. Va. 1958)). Virginia law defines the use of a firearm in the commission of a felony as any use, attempted use, or display of a firearm during the commission of a felony. Va. Code Ann. § 18.2-53.1(2004). To find a defendant guilty as a principal in the second degree, the Commonwealth must show that the accused was present, aiding and abetting, and intended his or her words, gestures, signals, or actions to in some way encourage, advise, urge, or in some way help the person committing the crime to commit it. Ramsey v. Commonwealth, 343 S.E.2d 465, 468 (Va. Ct. App. 1986). A principal in the second degree is subject to the same punishment as the actual perpetrator. Briley v. Commonwealth, 273 S.E.2d 57, 62-63 (Va. Sup. Ct. 1980).

In the instant case, if it was found that Faison was present when the robbery and use of a firearm occurred, and that his presence was intended to further the robbery and the use of a firearm, it could have been reasonably found that Faison was a principal in the second degree to the robbery and use of a firearm. As a principal in the second degree, Faison would be subject to the same criminal penalty as if he had performed the robbery himself.

32

the Court RECOMMENDS that Claim 3 be DENIED and DISMISSED WITH PREJUDICE.

## 2. Ineffective Assistance of Counsel

In Claim 12, Faison alleges that he was denied effective assistance of counsel. Faison must prove that counsel's assistance was "so defective as to require reversal of a conviction" and, to do so, petitioner must "show that counsel's performance was deficient" and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). In short, petitioner must prove both ineffective assistance and prejudice resulting from that ineffectiveness. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). When assessing counsel's performance to determine whether it was ineffective, a "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 694. Therefore, in order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 695 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Id. at

33

697. The court need not even "address both [prongs] if the [petitioner] makes an insufficient showing on one." Id. When evaluating an ineffective assistance of counsel claim, a court should first apply whichever prong more quickly disposes of the respective claim. Id.

### a. Claim TWELVE – Ineffective assistance of counsel, based on counsel's failure to properly subpoena Hicks, follow up on the subpoena, and preserve error in regard to the non-appearance of Hicks as a witness

Faison argues that he was denied effective assistance of counsel, based on counsel's failure to properly subpoena Hicks, follow up on the subpoena, and preserve error in regard to the non-appearance of Hicks as a witness. In his federal habeas petition, Faison asserts that his trial counsel did not make a reasonable effort to secure Hicks' testimony at trial. (ECF No. 1 attach. 2, at 77.) The Virginia Supreme Court found that this claim failed to satisfy either prong of the Strickland test. Order, Record No. 100182 (Va. Sup. Ct. Aug. 11, 2010). The Virginia Supreme Court found that the trial record indicated that counsel had subpoenaed Hicks to testify and looked for her throughout the courthouse when she did not appear. Id. The state court further found that Faison had failed to demonstrate prejudice by failing to proffer an affidavit to support the

content of the testimony Hicks would have given, had she been present.[9] Id.

This Court agrees that Faison has failed to satisfy the Strickland analysis. Counsel attempted to secure Hicks' presence by posting service and further informed the trial court of her potential value to Petitioner's defense. Tr. 3-4 Nov. 21, 2005. Counsel additionally objected to the trial court's denial of the continuance. Id. at 5. While Faison may be dissatisfied with the trial court's decision, counsel made reasonable attempts to secure Hicks' testimony and to obtain a continuance when she did not appear. The Virginia Supreme Court's rejection of this claim was not an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record. Accordingly, the Court RECOMMENDS that Claim 12 be DENIED and DISMISSED WITH PREJUDICE.

## IV. RECOMMENDATION

For the foregoing reasons, having found that Claim 17 does not state a cognizable claim for habeas review, that Claims 4-11 and 13-16 are exhausted but procedurally defaulted, and that

---

[9] Although Faison does provide such an affidavit from Hicks in his petition filed with this Court, as the Court described more thoroughly above, this affidavit demonstrates that Hicks testimony would not have provided evidence that was significant to Faison's guilt or innocence. Therefore, the Hicks affidavit fails to demonstrate prejudice suffered by Faison due to his counsel's allegedly ineffective representation.

35

Claims 1-3 and 12 are meritless, the Court RECOMMENDS that Faison's petition for a writ of habeas corpus be DENIED, that Respondent's Motion to Dismiss be GRANTED, and that all of Faison's claims be DISMISSED WITH PREJUDICE.

Faison failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).


United States Magistrate Judge

Norfolk, Virginia
June 8, 2011

37

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

James T. Faison, #1041729
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia  23870
PRO SE

Gregory W. Franklin, Esq.
Office of the Attorney General
900 E. Main Street
Richmond, Virginia  23219
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By:  _R.D. Lambert_
     Deputy Clerk

June _10_ , 2011