**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
AUG - 2 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JAMES THOMAS FAISON,

    Petitioner,

v.                                     Case No.: 2:10cv557

GEORGE M. HINKLE, Warden,
Greensville Correctional Center,

    Respondent.

### FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of the City of Portsmouth, Virginia, of one count of conspiracy to commit robbery, one count of robbery, and one count of use of a firearm. Petitioner was sentenced to serve seventeen (17) years imprisonment with five (5) years suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on June 8, 2011, recommending that the petition be denied and petitioner's claims be dismissed

with prejudice. (ECF No. 16.) By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On June 16, 2011, the Court received and filed the petitioner's written objections. (ECF No. 17.) The respondent filed no response to the petitioner's objections.

The petition in this case includes seventeen claims for relief. The magistrate judge's report concluded that one of petitioner's claims was not cognizable under federal habeas review, that twelve of petitioner's claims were procedurally defaulted, and that four of petitioner's claims should be dismissed on the merits. Petitioner objects to the magistrate judge's conclusion that certain claims are procedurally defaulted and that certain claims should be dismissed on the merits.

Petitioner first objects to the magistrate judge's finding that certain claims are procedurally defaulted. Petitioner asserts that the magistrate judge failed to liberally construe his petition. Petitioner appears to argue that even if he failed to use precise language in his state petition, the Court should still find that he properly presented his federal claims to the state court. A federal claim must be fairly presented to the highest state court and the petition must provide "both the

operative facts and the controlling legal principles." <u>Baker v. Corcoran</u>, 220 F.3d 276, 289 (4th Cir. 2000) (quotations omitted). Upon a review of the record, the Court finds that the magistrate judge properly construed petitioner's claims liberally while still holding petitioner to the exhaustion standard mandated by law. The Court OVERRULES petitioner's objections and finds that petitioner failed to fairly present claims 4-11 and 13-16 from his petition to the Virginia Supreme Court and that those claims are procedurally defaulted.

Petitioner also objects to the magistrate judge's conclusion that he has not presented sufficient cause to justify review of his procedurally defaulted claims. Petitioner also asserts that his procedurally defaulted claims should be reviewed by this Court to avoid a miscarriage of justice. Petitioner merely rehashes the same arguments he raised in his prior pleadings. The Court has reviewed petitioner's arguments and finds that the objections should be OVERRULED for the reasons stated in pages 16 through 23 of the magistrate judge's report.

The petitioner objects to the magistrate judge's report recommending dismissal of certain claims in the petition on the merits. The Court OVERRULES each objection as follows:

1. Petitioner's first claim in his petition asserts that

his due process rights were violated when the trial court denied his motion for a continuance on the day of trial despite the absence of a defense witness. As described in the magistrate judge's report, granting a motion for a continuance is within the sound discretion of the trial court. In this case, the denial of the motion was not unreasonable or arbitrary. One continuance had already been granted and the prosecution opposed the second continuance. Further, petitioner fails to establish that the missing witness's testimony was material for the reasons discussed in the magistrate judge's report. Therefore, petitioner's objections as to claim one are OVERRULED.

2. Petitioner's second claim in his petition asserts that the trial court committed structural error when it denied his motion for a continuance. Petitioner's objections restate the same arguments raised in his prior pleadings. The Court OVERRULES petitioner's objections as to claim two for the reasons stated in the magistrate judge's report.

3. Petitioner's third claim in his petition asserts that his convictions were supported by insufficient evidence. Petitioner cites to certain conflicts in the testimony of

the prosecution witnesses and argues that the testimony was insufficient to present a <u>prima facie</u> case to the finder of fact. The Court OVERRULES petitioner's objections for the reasons stated in the magistrate judge's report. A rational trier of fact could have found the petitioner guilty of the charged offenses on the evidence established at trial.

4. Petitioner's twelfth claim in his petition asserts that his trial counsel was ineffective with regard to efforts to secure a certain witness's attendance of trial. The magistrate judge's report notes that counsel subpoenaed the witness by posting service, searched for the witness throughout the courthouse on the day of trial, and moved for a continuance on the grounds that the witness was material to petitioner's defense. These facts do not support a finding that counsel's performance was deficient under the standard set out in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Further, the magistrate judge's report notes the nominal value that the witness's testimony actually would have provided to petitioner's defense. Therefore, the petitioner's objections are OVERRULED.

The Court, having reviewed the record <u>de novo</u>, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on June 8, 2011, (ECF No. 16), and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. Adopting the recommendations in the magistrate judge's report, it is ORDERED that the respondent's Motion to Dismiss, (ECF No. 9), be GRANTED. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/
Jerome B. Friedman
Senior United States District Judge

Norfolk, Virginia

August 2, 2011